# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| DEMETRIUS JOHN ERVIN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV416-047 |
| | ) | CR412-232 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

Convicted after a jury trial for possession with intent to distribute and distribution of cocaine hydrochloride in violation of 21 U.S.C. § 841, docs. 1 (indictment), 76 (judgment for 168 months' imprisonment),[1] Demetrius Ervin moves under 28 U.S.C. § 2255 to have his sentence vacated. Doc. 97. He contends his sentence must be upended due to ineffective assistance of counsel, prosecutorial misconduct, and district court errors. Docs. 97 & 98. The Government opposes. Doc. 100. Review of the parties' briefing shows that Ervin's motion must be denied.

---

[1] The Court is citing to the criminal docket in CR412-232 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

## A. BACKGROUND

Movant was recorded on several telephone calls discussing a cocaine purchase with a confidential informant (CI). Doc. 84 & 85 (Trial Transcript)[2] at 24, 87-88. At an agreed time and location, Ervin met the CI and was observed making a sale of 7 grams of cocaine. *Id.* at 65, 93-94. Law enforcement moved to arrest him, using their vehicles to block his vehicle from escaping. *Id.* at 104-105. Despite the fact that all officers wore tactical vests identifying them as "Police" and clearly ordered him to cease resisting, Ervin used his vehicle to back in and out between the blocking vehicles, forcing the rear vehicle backwards and nearly striking an officer. *Id.* at 110-12. During the ensuing struggle to subdue him, Ervin had to be tasered twice, a canine had to be deployed into his car, and an officer sustained a broken bone in his hand. *Id.* at 112-18; doc. 83 at 18. A search of the vehicle turned up more cocaine and drug paraphernalia, including baggies, scales, and presses. Trial Tr. at 67-71.

Ervin was charged with four counts: possession with intent to

---

[2] The trial transcript is lodged at two consecutively-paginated volumes on the Court's docket, docs. 84 & 85, and for convenience will be referred to as a single volume.

distribute cocaine hydrochloride, and distribution of that drug, possession of a firearm in furtherance of a drug trafficking crime, and being a felon-in-possession of a firearm. Docs. 1 & 76. His attorney advised him, based on an investigation of the case and Ervin's criminal history, that he would be considered a career criminal and would receive "the greater" of the following "range of estimated sentencing:"

| | |
|---|---|
| 21 USC 841(a)(l) (201.1) | 46-57 months |
| 21 USC 924(c)(A)(1)(ii)/841(a)(1) (2K2.4)/(2D1.1) | 100-125 months if Career Criminal 46-57 months if no Career Criminal 5 year minimum (60 months) or 7 year minimum (84 months) |
| 18 USC 924(c) (2K2.1) | 168-210 months 20 year maximum (240 months) with a 5 year minimum (60 Months) to be served <u>after</u> serving Count I & Count II |
| 18 USC 922(g)(l) (2K2.1) | 168-210 months with a 120 month cap |

Doc. 100-3 at 5. Ervin responded that he would proceed to trial. Doc. 100-4. Although "it had been explained to [him] that a trial will result in a conviction on all counts" -- resulting in a consecutive sentence of at least 152 months (a minimum 92-115 months "plus 60 months") -- and the proposed plea agreement would limit his sentence to a total of only 117 months, Ervin demurred. *Id.* He hoped to "defeat the

3

trafficking charge" and "six (6) level increase for harming a public official," shaving off two months from the 115-month plea his lawyer "ha[d] advised [him] to accept." *Id.*

Despite his hopes, the jury convicted Ervin on all four counts (doc. 66) and the Court sentenced him to 168 months' imprisonment (doc. 83 at 76 (consisting of 108 months' imprisonment for Counts 1, 2, and 4 and 60-months consecutive imprisonment for Count 3)). Doc. 76 (judgment). His conviction was affirmed on appeal. *United States v. Ervin*, 601 F. App'x 793 (11th Cir. 2015).

**B. ANALYSIS**

Ervin presents several grounds for relief: (1) errors by the district court, (2) generalized prosecutorial misconduct, and (3) ineffective assistance of counsel for failing to raise those errors on appeal. Doc. 97.

**1. District Court Errors**

On appeal, Ervin challenged (1) the sufficiency of the evidence to convict, (2) an erroneous jury instruction, (3) improper admission of "bad acts" character evidence, (4) the prosecutor's closing statement, and (5) the six-level official victim sentence enhancement. *See Ervin*, 601 F. Appx. at 793. Here, he argues the Court erred for (1) "failing to grant [a]

4

motion of acquittal," (2) "permitting evidence concerning unindicted events," (3) permitting introduction of prior convictions, and (4) by applying the U.S.S.G. § 3A1.2(c) official victim enhancement. Doc. 97 at 2. His first, third, and fourth claims were already considered, and rejected, on appeal. *See Ervin*, 601 F. App'x 793. They are thus procedurally barred. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). And because his second claim was *not* raised on appeal, it too is procedurally barred. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (a § 2255 movant may not use his collateral attack as "a surrogate for a direct appeal."). His associated, meritless IAC claims do not overcome that bar. *United States v. Montano*, 398 F.3d 1276, 1280 (11th Cir. 2005); *Lynn*, 365 F.3d at 1232.

2. Prosecutorial Misconduct & Ineffective Assistance

Ervin argues his attorney failed to: fully investigate the case, move to suppress evidence from the search of his home, raise issues "important to his client," or "preserve any/all of the unlawful acts committed by the government or the court." Doc. 98 at 3. He contends his attorney provided "bad legal advice" "which led [him] to proceed to trial," much to

5

his detriment. *Id.*

Movant, however, lacks specifics when it comes to the details of counsel's failures -- he contends that the search warrant was unsupported because the CI was "unreliable" and the testifying agents "lied" by presenting apparently conflicting testimony about the video recording of his cocaine sale and arrest. Doc. 98 at 3-18. But a failed video recording does not negate, or convert into perjury, eye witness testimony about the sale and arrest, nor does it detract from the successfully recorded telephone calls with the CI to set up the buy. Ervin doesn't offer any explanation beyond mere belief that it does, and conclusory allegations do not support § 2255 relief.[3]

To try and salvage this claim, Ervin cites the Government's failure to locate the phone number provided (by the CI as his) within their

---

[3] "Laundry list" claims of deficient representation -- offered without explaining, with full citation to the record, how they were viable *and* that no reasonable lawyer would have missed them -- do not an IAC claim make. A typical IAC claim succeeds only where counsel has, metaphorically speaking, shot at the side of a barn yet missed. *See Sullivan v. Secretary, Fla. Dep't. of Corr.*, 837 F.3d 1195, 1205 (11th Cir. 2016) (an attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance, as element of ineffective assistance of counsel); *see also id.* at 1206 (in prosecution for fleeing and attempting to elude a law enforcement officer, trial counsel was ineffective in presenting a voluntary intoxication defense long after it had been statutorily abolished, instead of advising defendant to accept state's pretrial plea offer).

database. Doc. 98 at 11 & 20-21. But that "deficiency" does not disturb the facts that his voice was clearly identifiable on the phone calls (*see* Trial Tr. at 91-94), or that he showed up to make the sale. *See also* Trial Tr. at 64-65 (officer testified the phone found in movant's car at the time of the arrest "was found to be the same cell phone with the same assigned number that we used to make the recorded phone calls prior to this incident").

Counsel was under no obligation to advance a frivolous argument. *Id.* at 27 (counsel told Ervin that law enforcement "had probable cause to obtain the search warrant, so there is no reason to pursue a motion to suppress the evidence, because it would just be a waste of time."). *See Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009) (the Sixth Amendment does not require counsel to raise every non-frivolous argument on a client's behalf); *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2015) ("If a search was constitutional, then counsel is not obligated to move to suppress the evidence or dismiss the indictment and a defendant is not prejudiced by counsel's failure to do so."). And movant's allegation that the agent swore "falsely" that a reliable confidential informant had informed on him (doc. 98 at 24) is

7

undermined by the undisputed facts that he was directly observed making the sale of 7 grams of cocaine, and that more than two ounces of cocaine, a loaded firearm, and drug paraphernalia, including digital scales and baggies, were recovered in the ensuing searches of both his vehicle and his home. Trial Tr. at 25, 64-71.

Finally, Ervin's disingenuous contention, that but for counsel's "misadvice" he would have pleaded guilty, is hogwash. Doc. 98 at 3. Counsel told him in no uncertain terms that he risked a maximum sentence by going to trial (doc. 100-3) and advised him to accept the plea deal of 117 months' imprisonment, but Ervin thought he could do better and get 115 months at trial. Doc. 100-4. That movant gambled and lost, in the face of overwhelming evidence of his guilt, does not render his counsel's performance deficient.

## C. CONCLUSION

Accordingly, Demetrius Ervin's § 2255 motion should be **DENIED**.[4] For the reasons set forth above, it is plain that he raises no

---

[4] Because his motion is entirely without merit and his contentions are unambiguously contradicted by the record, Ervin's request for an evidentiary hearing (doc. 97 at 13) is **DENIED**. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (a hearing is unnecessary "if the allegations are 'patently frivolous,' 'based upon unsupported generalizations,' or 'affirmatively contradicted by the

8

substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this

---

record.'"); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (same); *Lynn*, 365 F.3d at 1239 (where the motion "amount[ed] to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied Lynn's § 2255 motion.").

9

R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __1st__ day of February, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA